IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| KINAN F., § § | |
| Plaintiff, § § | |
| v. § | 2:19-CV-88-Z-BR |
| § | |
| ANDREW M. SAUL, § | |
| Commissioner of Social § | |
| Security Administration, § § | |
| Defendant § | |

# ORDER

## I. PROCEDURAL HISTORY

On February 2, 2016, Plaintiff Kinan F. ("Plaintiff") applied for Social Security Income ("SSI"), alleging impairments since June 6, 2007. *See* ECF No. 15-1 at 180–86. Plaintiff's application was initially denied, and it was denied again upon consideration. *See id.* at 101–05, 115–18. Plaintiff requested a hearing, and a hearing was held on November 14, 2017. *See id.* at 28–55. At the hearing, Plaintiff amended his alleged onset date from June 6, 2007, to January 6, 2016. *Id.* at 32. The Administrative Law Judge ("ALJ") presiding over that case issued a decision on July 10, 2018, finding that Plaintiff was not disabled. *See id.* at 10–27. This decision was adopted by the Defendant Commissioner Andrew M. Saul ("Commissioner").

The Appeals Council denied Plaintiff's request for review on February 26, 2019. *Id.* at 4–7. On June 19, the United States Magistrate Judge (the "Magistrate Judge") made findings, conclusions, and recommendation (the "FCR") (ECF No. 23) to affirm the decision of the Commissioner. Finally, on June 26, Plaintiff filed the "Plaintiff's Objections to the Findings,

Conclusions, and Recommendation to Affirm the Decision of the Commissioner" ("Objections") (ECF No. 24) now before this Court.

In the FCR, the Magistrate Judge RECOMMENDS that the Commissioner's decision be AFFIRMED. In his Objections, Plaintiff argues that the Magistrate Judge's reliance upon "post hoc rationalization" was improper. He also argues that the ALJ's explicit inference of what constituted Plaintiff's abilities were contrary to the Magistrate Judge's conclusion. *See* ECF No. 24 at 2, 4. Plaintiff therefore "submits that this Court should not adopt the Findings, Conclusions, and Recommendations of the United States Magistrate Judge, and the Commissioner's decision should be reversed and this matter remanded to the Commissioner for payment of benefits or a *de novo* hearing and new decision." ECF No. 24 at 4. For the reasons below, the Court OVERRULES Plaintiff's Objections and DENIES this request contained therein.

## II. STANDARD OF REVIEW

The Fifth Circuit has a long-established test for assessing disability claims by SSI applicants:

> In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry is terminated.

*Audler v. Astrue*, 501 F.3d 446, 447–448 (5th Cir. 2007) (citing *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir.1987)). The Fifth Circuit has also stated that:

> Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards are applied. Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than

a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. In applying this standard, we may not re-weigh the evidence or substitute our judgment for that of the Commissioner.

*Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (citations omitted).

"To determine whether substantial evidence of disability exists, four elements of proof must be weighted: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history." *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972)).

### III. DEFENDANT'S OBJECTIONS

Plaintiff makes two objections to the FCR. First, Plaintiff objects that because the Magistrate Judge's reasoning "is not the basis upon which the ALJ relied" in discrediting Plaintiff's explanation for his infrequent treatment, "[r]eliance upon such post hoc rationalization is not proper." *Id.* at 1–2 (citing *Noranda Alumina, L.L.C. v. Perez*, 841 F.3d 661, 666 (5th Cir. 2016)). Second, Plaintiff objects that "the ALJ clearly acknowledged, contrary to the Magistrate Judge's finding, that he based his [Residual Functional Capacity ('RFC')] finding on his own lay interpretation of the medical evidence of record. This was not a proper basis for the ALJ's RFC finding." *Id.* at 3. However, the Court does not find these objections persuasive.

#### A. Defendant's First Objection

The Court begins by addressing Plaintiff's first objection. In that objection, Plaintiff addresses the Magistrate Judge's finding that Plaintiff failed to establish that he was unable to obtain treatment medical treatment from other sources, such as free or low-cost medical services. *Id.* at 1. Plaintiff argues that this is not the basis upon which the ALJ relied in discrediting his

explanation for infrequent treatment. *Id.* Plaintiff further argues that courts "may only review reasoning articulated by the agency at the time of its decision," and that "courts may not accept appellate counsel's post hoc rationalizations for agency action." *Id.* at 1–2 (citing *Noranda Alumina*, 841 F.3d at 666; *Burlington Truck Line, Inc. v. United States*, 371 U.S. 156, 168 (1962)). However, Plaintiff's argument under this objection is flawed.

First, the ALJ did not rely on Plaintiff's infrequent treatment of his seizure disorder as a basis for denying his disability claim. The ALJ's opinion merely mentions Plaintiff's infrequent treatment as an inconsistency among the "many other inconsistencies in the record." ECF No. 15-1 at 21. Instead, the ALJ found that Plaintiff's disability claim failed for two reasons. Specifically, his severe impairments did not meet — and were not the equivalent of — any impairments listed in appendix 1 of the social security regulations. *See* ECF No. 15-1 at 14. Next, there were other jobs that Plaintiff could perform. *Id.* at 22–24. In other words, Plaintiff's claim failed the third and fifth prongs of the disability inquiry listed by the Magistrate Judge — each failure being sufficient to terminate the inquiry. *See Audler*, 501 F.3d at 447–448. There is no evidence that suggests that the ALJ would have reached a different disability determination had the "inconsistencies" about the infrequent treatment of Plaintiff's seizure disorder been reconciled.

Second, the Magistrate Judge's conclusions in the FCR are not post hoc rationalizations for the ALJ's conclusions. Such rationalizations are not required because the Commissioner's reasons for denying the disability claim are legally sufficient and supported by the record. Instead, the Magistrate Judge gives *additional* reasons for why the Court should not reverse the Commissioner's decision. The Magistrate Judge merely explains that even if Plaintiff's argument is granted, his claim would still fail. This is because he still must show that he could not obtain medical treatment from other sources. ECF No. 23 at 6 (citing *Lovelace*, 813 F.2d at 59). It is not

4

improper for the Magistrate Judge to make these considerations when determining whether the disability determination is supported by substantial evidence in the record.

For all of these reasons, Plaintiff has failed to show that the Commissioner's disability determination is not supported by substantial evidence. The Court therefore must overrule Plaintiff's first objection.

### B. Defendant's Second Objection

Before the Court turns to Plaintiff's second objection, a brief summary of the medical record is necessary. The record shows that Plaintiff was examined by three doctors — Dr Moore, Dr. Rowlands, and Dr. Reid. On April 30, 2016, Plaintiff was examined by Dr. Moore, who concluded that Plaintiff could lift and carry up to ten (10) pounds. ECF No. 15-1 at 248. In a document signed on May 24, 2016, Dr. Rowlands concluded that Plaintiff was not disabled. *Id.* at 72. While Dr. Rowlands noted that Plaintiff had some exertional limitations, she concluded that Plaintiff could frequently carry up to twenty-five (25) pounds and occasionally carry up to fifty (50) pounds. *Id.* at 69. On August 22, 2016, Dr. Reid signed a document also concluding that Plaintiff was not disabled. *Id.* at 83. Specifically, Dr. Reid concluded that Plaintiff had no exertional limitations and designated Plaintiff's maximum sustained work capability as "HEAVY/VERY HEAVY." *Id.* at 81, 83. Both Dr. Rowlands and Dr. Reid received Dr. Moore's consultative examination report as a source of evidence. *See id.* at 66, 78. "After careful consideration of the medical and other evidence," the ALJ concluded that Plaintiff is "limited to light work, which involves the lifting of no more than 20 pounds at a time with the frequent lifting of up to 10 pounds, and standing and walking, off and on, for a total of six hours out of an eight-hour workday." *Id.* at 20.

Returning to Plaintiff's second objection, Plaintiff argues that the ALJ improperly relied upon Dr. Moore's opinion to establish Plaintiff's RFC. ECF No. 24 at 2. This is because the ALJ's assessment of an RFC for light work "is in direct contradiction of Dr. Moore's opinion, and, as Dr. Moore found, poses a 'significant hazard' to [Plaintiff] due to his seizures." *Id.* The Magistrate Judge found that "[t]he ALJ considered, relied on, and did not drastically deviate from Dr. Rowlands and Dr. Moore's opinions regarding what Plaintiff could lift and carry." ECF No. 23 at 8. Plaintiff objects to this finding on the grounds that it was improper for the ALJ to base his RFC finding "on his own lay interpretation of the medical evidence of the record." ECF No. 24 at 3.

The Court is unpersuaded by Plaintiff's argument for two reasons. First, the ALJ did not infer what Plaintiff's capabilities are "without the assistance of an examining or treating physician." ECF No. 24 at 3 (citing *Montoya v. Berryhill*, No. 3:16-cv-1594-D-BN, 2017 WL 3835950, at *4 (N.D. Tex. Aug. 1, 2017)). As the Magistrate Judge noted, the ALJ "had and considered opinions from three medical sources — Dr. Rowlands, Dr. Reid, and Dr. Moore — regarding the effects of Plaintiff's impairments on his ability to lift and carry." ECF No. 23. At 8. To suggest that the ALJ drew his own medical conclusions without relying on a medical expert's help is to suggest that the ALJ's conclusions must mirror those of the experts' *exactly*. Plaintiff cites no case law in support of this proposition. In a letter to the Appeals Council, Plaintiff concedes that "the ALJ can adopt and/or reject medical opinions," but notes that "he cannot interject his own medical opinions without providing specific and legitimate evidence for so doing." ECF No. 15-1 at 244.

However, the ALJ does just what Plaintiff admits that the ALJ can do. The ALJ first notes that light work involves lifting twenty (20) pounds only occasionally. *Id.* at 21. "Occasionally" is defined as "occurring from very little up to one-third of the time." SSR 83-10. Further, the ALJ

6

noted that Plaintiff's seizures occur "very infrequently." ECF No. 15-1 at 21. Dr. Moore's opinion was based on Plaintiff's reporting of his seizures occurring every 20 to 30 days, while Plaintiff testified elsewhere that they occurred only every 30 to 60 days. *Id.* Finally, the ALJ noted that Plaintiff admitted he was able to perform "a wide range of daily activities" and that many of the limitations listed by Dr. Moore are not consistent with the entire record. *Id.*

Second, Dr. Reid found that Plaintiff had no exertional or postural limitations. *See* ECF No. 15-1 at 81. Consequently, under Plaintiff's argument, the ALJ could have adopted Dr. Reid's exact medical opinion and concluded that Plaintiff has no limitations whatsoever. However, the ALJ instead placed his conclusions above Dr. Moore's finding — that Plaintiff could lift and carry up to ten (10) pounds — but below Dr. Rowlands's finding — that Plaintiff could frequently lift and carry up to twenty-five (25) pounds. *See* ECF No. 23 at 9. The ALJ can hardly be faulted for arriving at an intermediate value between the values in Dr. Moore's and Dr. Rowlands's findings — especially when he could have simply adopted Dr. Reid's finding, which was even *less* favorable to Plaintiff's claim. Moreover, as the Magistrate Judge correctly noted, "where [the ALJ] deviated from their opinions regarding what Plaintiff could lift and carry, he explained his reasoning." *Id.* It thereby follows that the ALJ's conclusions are supported by two out of the three doctors in the record — both of whom concluded that Plaintiff is not disabled.

Therefore, Plaintiff has failed to show that the ALJ's conclusions on Plaintiff's physical capabilities are not supported by substantial evidence in the record. Hence, the Court must overrule Defendant's second objection as well.

### III. ORDER

For the reasons stated above, it is therefore ORDERED that Plaintiff's Objections (ECF No. 24) are OVERRULED. It is further ORDERED that the Magistrate Judge's FCR (ECF No.

7

23) is ADOPTED and that the Commissioner's decision is AFFIRMED. Finally, it is ORDERED that Plaintiff's request that "this Court should not adopt the Findings, Conclusions, and Recommendations of the United States Magistrate Judge, and the Commissioner's decision should be reversed and this matter remanded to the Commissioner for payment of benefits or a *de novo* hearing and new decision" is DENIED.

**SO ORDERED.**

July 21, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE